UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
ADAM B. ABELSON
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7750
MDD_ABAChambers@mdd.uscourts.gov

**LETTER ORDER**

July 23, 2026

To: Counsel of Record

Subject: *Wormuth, et al. v. Prince George's County, Maryland, et al.*, Case No. 23-cv-2905-ABA

Counsel,

At the motions hearing of July 22, 2026, counsel for Plaintiffs argued that Plaintiff Brooke should prevail on his First Amendment and Article 40 retaliation claims (Counts 1 and 5) due to the issue- or claim-preclusive effect of the July 15, 2025 opinion and order by the Circuit Court for Prince George's County. *See* ECF No. 58-3 (hereafter, the "Circuit Court order"). This argument does not appear to have been made in Plaintiffs' opposition to the County Defendants' motion for summary judgment, ECF No. 61, but was referred to in Plaintiffs' motion to lift the stay, ECF No. 67. Plaintiffs' preclusion argument, if preserved, has several potential implications for the pending motions for summary judgment. Accordingly, both Plaintiffs and the County Defendants shall file supplemental briefing addressing the following issues:

1. Whether the Circuit Court order has issue-preclusive and/or claim-preclusive effect upon this Court's adjudication of Plaintiff Brooke's retaliation claims (Counts 1 and 5), especially whether the Circuit Court order is a final judgment on the merits in light of Section 2(a) ("Dismissal with Prejudice") of the Settlement Agreement contained at ECF No. 73-2.

2. If preclusion does apply to the question of constitutional violation, whether the County Defendants are regardless entitled to qualified immunity with respect to either or both of Plaintiff Brooke's retaliation claims.

3. Whether (a) the County Defendants have waived or forfeited a qualified immunity defense by raising it in their motion for judgment on the pleadings, *see* ECF No. 37-1 at 10, but not in their motion for summary judgment briefing; and/or (b) Plaintiffs have waived or forfeited a preclusion argument by raising it in their motion to lift the stay but not in their motion for summary judgment briefing.

4. What effect any of the above has upon Plaintiff Wormuth's retaliation claims, including whether the Circuit Court order has preclusive effect upon his claims and/or whether the County Defendants are entitled to qualified immunity regarding his claims.

The parties should also explain their understanding of the current state of Plaintiff Brooke's order to show cause case in the Circuit Court and the Appellate Court of Maryland, and should provide copies of the relevant filings in those courts.

The parties' supplemental briefs are due on or before August 6, 2026, and are limited to 15 pages (total, covering all the issues above).

Although in letter form, this is an order of the Court and shall be docketed as such.

Very truly yours,

_____/s/_____________
Adam Abelson
United States District Judge